UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID L. SPEARS,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security[1],

                Defendant.

NO.  C16-0797RSL

ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE
PROCEEDINGS

      Plaintiff David L. Spears appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED.

//

_____

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.      FACTS AND PROCEDURAL HISTORY

Plaintiff is a 51-year-old man with a GED. Administrative Record ("AR") at 301, 306.

His past work experience was as a laborer. AR at 306. Plaintiff was last gainfully employed in

November of 2008. AR at 305.

Plaintiff protectively filed applications for DIB and SSI on August 29, 2012. AR at 11.

Plaintiff asserted that he was disabled due to back pain, post-concussion syndrome, bipolar

disorder, and dyslexia. AR at 305.

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 11.

Plaintiff requested a hearing, which took place on February 13, 2014. Id. On December 22,

2014, the ALJ issued a decision finding that plaintiff was not disabled based on his finding that

plaintiff could perform specific jobs existing in significant numbers in the national economy.

AR at 11-22. Plaintiff's request for review by the Appeals Council was denied on March 31,

2016 (AR at 1-6), making the ALJ's ruling the "final decision" of the Commissioner as that

term is defined by 42 U.S.C. § 405(g). On June 2, 2016, plaintiff timely filed the present action

challenging the Commissioner's decision. Dkt. No. 3.

## II.      STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

social security benefits when the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th

Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 2

medical testimony, and resolving any other ambiguities that might exist. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. <u>Id.</u>

### III.   EVALUATING DISABILITY

As the claimant, Mr. Spears bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. § 423(d)(2)(A); <u>see also</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. <u>See</u> 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. <u>Id.</u> If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 3

§§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R. § 404.1572.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 4

IV.     DECISION BELOW

On December 22, 2014, the ALJ issued a decision finding the following:

1.  The claimant has not engaged in substantial gainful activity since November 1, 2008, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2.  The claimant has the following severe impairments: cervical and thoracic spine degenerative disc disease, acromioclavicular separation and surgery, post-concussion syndrome, bipolar disorder, personality disorder, and substance disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4.  The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except he is able to frequently push and/or pull, as well as occasionally reach overhead with the right upper extremity within the weight given. He is able to frequently stoop and occasionally crawl and climb ladders, ropes, or scaffolds. He should avoid concentrated exposure to hazards (dangerous machinery, unprotected heights, etc.), extreme cold, and vibration. Further, he is able to perform simple, routine tasks with customary breaks. He is able to have occasional contact with the public for work tasks with an average occurrence being 15 minutes or less with normal breaks. There should be an emphasis on occupations or duties dealing with things or objects, rather than people. Work tasks should not be those involving working on an assembly line, but should be more goal-oriented.

5.  The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

6.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).

7.  The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2008, through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 5

AR at 13-22.

## V.     ISSUES ON APPEAL

The issues on appeal are:

A.     Whether the ALJ erred in evaluating the medical evidence.

B.     Whether the ALJ erred in evaluating plaintiff's testimony.

Dkt. 9 at 1.

## VI.     DISCUSSION

A.     <u>Evaluation of the Medical Evidence</u>

Plaintiff argues that the ALJ erred in his analysis of the medical evidence in the record. <u>See</u> Dkt. 9 at 4-15. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. <u>See</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." <u>Morgan v. Comm'r, Soc. Sec. Admin.</u>, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." <u>Id.</u> at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id.</u> The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 6

examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id.</u> at 830-31.

       1.      <u>Geordie Knapp, Psy.D.</u>

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Geordie Knapp, Psy.D. <u>See</u> Dkt. 9 at 6-10. The Court disagrees.

In October of 2012, Dr. Knapp examined plaintiff and opined that plaintiff had severe limitations in his ability to perform activities within a schedule, maintain regular attendance, be punctual without special supervision, communicate and perform effectively in a work setting, and complete a normal work day or work week without interruptions from psychologically-based symptoms. <u>See</u> AR at 638. The ALJ gave Dr. Knapp's opinion little weight because it was "inconsistent with the psychologist's contemporaneous mental status exam." <u>See</u> AR at 20.

An ALJ need not accept a physician's opinion if it is inadequately supported by clinical findings. <u>See</u> <u>Batson v. Comm'r, Soc. Sec. Admin.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004). Moreover, discrepancies between a physician's functional assessment and his clinical notes, recorded observations, or other comments regarding a claimant's capabilities provide "a clear and convincing reason for not relying" on the assessment. <u>See</u> <u>Bayliss</u>, 427 F.3d at 1216; <u>see also</u> <u>Weetman v. Sullivan</u>, 877 F.2d 20, 23 (9th Cir. 1989). Here, while Dr. Knapp found several severe limitations, the mental status examination results he charted did not support these limitations. Dr. Knapp recorded that plaintiff's thought process, orientation, perception,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 7

fund of knowledge, concentration, and abstract thought were all within normal limits, and that plaintiff was alert, pleasant, and cooperative. See AR at 639. Dr. Knapp also found impaired memory, flat affect, depressed mood, and slow speech, but these findings are insufficient to support the severe limitations to which Dr. Knapp opined. See id.

Plaintiff argues that Dr. Knapp did not rely solely on the mental status examination in forming his opinion, but instead relied on his clinical observations and plaintiff's medical history. See Dkt. 9 at 7-8. However, this argument is undercut by Dr. Knapp's statement that the evaluation results were "based solely on the claimant's self-report." See AR at 636. "If a [physician's] opinions are based 'to a large extent' on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the [physician's] opinion." Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014). Therefore, substantial evidence supports the ALJ discounting Dr. Knapp's opinion because it was not supported by clinical findings. The ALJ did not err here.

### 2. Owen Bargreen, Psy.D.

Plaintiff argues that the ALJ erred by failing either to fully incorporate the opinion of examining psychologist Owen Bargreen, Psy.D., into the RFC or to give a sufficient reason to discount his opinion. See Dkt. 9 at 10-11. The Court agrees.

Dr. Bargreen examined plaintiff in June of 2012 and opined that plaintiff would best be suited for work in "interpersonal isolation." See AR at 500. The ALJ found that Dr. Bargreen's opinion was not inconsistent with the RFC assessed, stating that "a social limit for occasional public contact adequately accounts for the psychologist's comment." See AR at 20. However, in the Social Security context, "occasional" means occurring for up to one-third of a workday. See, e.g., Social Security Ruling ("SSR") 96-9p. A limitation to "interpersonal isolation" is

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 8

certainly in conflict with spending up to one-third of a workday in contact with the public. Moreover, the RFC assessed included no limitation regarding interaction with coworkers or supervisors. Therefore, the ALJ did not sufficiently incorporate Dr. Bargreen's opinion into the RFC, nor did he give a sufficient reason to discount Dr. Bargreen's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)). "[I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case." Id. Therefore, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (quoting Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Had the ALJ fully incorporated Dr. Bargreen's opinion, the RFC would have included additional interpersonal limitations, as would the hypothetical questions posed to the vocational expert. Therefore, the ALJ's error affected the ultimate disability determination and is not harmless.

### 3.   Beth Fitterer, Ph.D.

Plaintiff argues that the ALJ erred by assigning great weight to the opinion of state agency medical consultant Beth Fitterer, Ph.D. See Dkt. 9 at 11-13. The ALJ gave Dr. Fitterer's opinion great weight because it was consistent with "the range of activities performed by the claimant." See AR at 19-20. However, as discussed above, the ALJ erred in his assessment of the opinion of examining physician Dr. Bargreen, which is in conflict with the less severe interpersonal limitations found in Dr. Fitterer's opinion. See supra § VI.A.2.; see also AR at 157-58. Generally, an examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. Therefore, in

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 9

1  light of the error in evaluating Dr. Bargreen's opinion, the ALJ should re-evaluate Dr.

2  Fitterer's opinion on remand as well.

3          4.    <u>Joel Gipson, LMHCA</u>

4       Plaintiff argues that the ALJ erred by failing to give a germane reason supported by

5  substantial evidence to discount the opinion of mental health counselor Joel Gipson, LMHCA.

6  <u>See</u> Dkt. 9 at 13-15. The Court disagrees.

7       The testimony of "other" medical sources, such as mental health counselors, may be

8  discounted if the ALJ "gives reasons germane to each [source] for doing so." <u>See</u> <u>Molina</u>, 674

9  F.3d at 1111. Here, the ALJ gave Mr. Gipson's opinion only some weight because it was

10  inconsistent with the record, noting that Mr. Gipson believed plaintiff to be "clean and sober."

11  <u>See</u> AR at 20 (citing AR at 862). Evidence of ongoing substance use of which a medical source

12  is not aware can be a valid basis for rejecting that's source's opinion. <u>See</u> <u>Andrews</u>, 53 F.3d at

13  1045. Here, the record shows that plaintiff was self-medicating with marijuana and

14  methamphetamine during the period for which Mr. Gipson assessed plaintiff. <u>See</u> AR at 580,

15  750. Therefore, the ALJ provided a germane reason supported by substantial evidence for

16  discounting Mr. Gipson's testimony.

17      B.    <u>Evaluation of Plaintiff's Credibility</u>

18       Plaintiff argues that the ALJ erred by failing to give a clear and convincing reason

19  supported by substantial evidence to discount his testimony. <u>See</u> Dkt. 9 at 16-18. The Court

20  disagrees.

21       Questions of credibility are solely within the responsibility of the ALJ. <u>See</u> <u>Sample</u>,

22  694 F.2d at 642. To reject a claimant's subjective complaints, the ALJ must provide "specific,

23  cogent reasons for the disbelief." <u>Lester</u>, 81 F.3d at 834 (citation omitted). The ALJ "must

24  ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 10

1    identify what testimony is not credible and what evidence undermines the claimant's

2    complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless

3    affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the

4    claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. That some of the

5    reasons for discrediting a claimant's testimony should properly be discounted does not render

6    the ALJ's determination invalid, as long as that determination is supported by substantial

7    evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

8         Here, the ALJ found that plaintiff's testimony was not entirely credible because, among

9    other reasons, plaintiff's activities were inconsistent with plaintiff's testimony regarding the

10   severity of his symptoms. See AR at 16-17. The Ninth Circuit has recognized that an ALJ may

11   use a claimant's activities to form the basis of an adverse credibility determination if they

12   "contradict his other testimony." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). Plaintiff

13   alleged that, during the relevant period, he was unable to sit for more than two or three minutes

14   at a time, was unable to stand for more than three or four minutes without switching positions,

15   was unable to lift and carry more than ten pounds, had trouble grabbing things or holding them

16   steady, had blinding headaches at least three or four times a week, and had trouble getting

17   along with others. See AR at 43-46, 332. The ALJ found these allegations inconsistent with

18   reports that plaintiff walked around town, traveled, flew across the country, went to church, did

19   his laundry, shopped for himself, used public transportation, and spent regular time with

20   friends and roommates. See AR at 16, 46, 51, 62, 500, 637, 757, 764, 779. Therefore, the ALJ

21   provided a clear and convincing reason supported by substantial evidence to discount

22   plaintiff's subjective reports.

23   //

24

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 11

C.      Scope of Remand

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts in the evidence about plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations. Accordingly, remand for further consideration is warranted in this matter.

VII.    CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred in evaluating the medical evidence in the record. The decision of the Commissioner is REVERSED, and this matter is

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 12

REMANDED for further proceedings not inconsistent with this Order.


Dated this 2nd day of February, 2017.


*Robert S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 13